UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Trout Street Bar And Grill | ) | |
| Turtle Cove Marine Trout Street Yacht BA | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: |
| | ) | |
| Versus | ) | Division: |
| | ) | |
| Wright National Flood Insurance Company | ) | Judge: |
| | ) | |
| | ) | Mag. Judge: |
| Defendant. | ) | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Trout Street Bar And Grill and Turtle Cove Marine Trout Street Yacht BA ("Trout Street"), who file this Complaint on the grounds set forth below:

**Jurisdiction and Venue**

1. This action arises as a result of the Defendant's denial of Trout Street's flood insurance claim under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. § 4001 *et seq.*), the Federal Emergency Management Agency's ("FEMA") regulations, and federal common law.

2. This breach of contract action involves breach of a Standard Flood Insurance Policy ("SFIP"), General Property Form, 44 C.F.R. Pt. 61, Appx. A(2) that the Defendant sold to Trout Street pursuant to the NFIA.

3. This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to

1

28 U.S.C. §1331 because the interpretation of the SFIP, a federal regulation, creates numerous, substantial federal questions.

4.  The property made the basis of this action is located at 104 W Cotter Avenue, Port Aransas, TX 78373 (the "subject property") which is located in the Southern District of Texas. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 4072.

## Parties

5.  Trout Street, also known as Trout Street Bar And Grill, Turtle Cove Marine Trout Street Yacht BA is a restaurant domiciled within the Southern District of Texas. At all relevant times Trout Street owned the property located at and commonly identified as 104 W Cotter Avenue, Port Aransas, TX 78373.

6.  The Defendant, Wright National Flood Insurance Company (the "Company"), is a private insurance company authorized to and doing business in Texas. Defendant is appearing as a Write-Your-Own ("WYO") National Flood Insurance Program ("NFIP") carrier under the authority of the NFIA. Pursuant to 44 C.F.R § 62.23(d) and (i)(6), Defendant is responsible for adjusting, settlement, payment, and defense of all claims arising from flood insurance policies. The Company is authorized to do and does business in the State of Texas.

## Background Facts

7.  The Company sold an SFIP, bearing policy number 42 1150012571 to Trout Street for the subject property, having Building coverage in the amount of $500,000.00 subject to a deductible of $5,000.00 and contents coverage in the amount of $312,100.000 with a deductible of $5,000.00. *See*, Exhibit 1. The SFIP is set forth at 44 C.F.R. Pt. 61, Appx. A(2) and is incorporated herein by reference. Trout Street had paid all necessary premiums, and the SFIP was in full force and effect during its term and at all relevant times on the date of the flood loss.

8.      The SFIP issued to Trout Street covered flood damage to the subject property for the dwelling and other structures described under Coverage A; Contents under Coverage B; debris and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D (also known as Increased Cost of Compliance or ICC). This lawsuit specifically does not seek any claim under Coverage D.

9.      On or about August 25, 2017, Hurricane Harvey began impacting the Texas coast causing widespread, devastating, long-duration flooding (the "Flood") throughout much of southeast Texas, and ultimately flooding Trout Street's building.

10.     As a direct and proximate result of the Flood, Trout Street suffered a direct physical loss to the subject property. Trout Street's building was inundated with contaminated floodwaters for several days causing physical changes and damages directly by and from flood to the subject property. Trout Street has incurred and continues to incur significant expenses to restore the property to pre-flood condition.

11.     Trout Street timely notified the Company of these flood insurance loss, as required by Article VII.J.1. of the SFIP.

12.     The Company hired and sent an adjuster to Trout Street's building to inspect the property, prepare a damage estimate and Proof of Loss, and to make adjustment recommendations, subject to the approval of the Company.

13.     The Company and the adjuster prepared a damage estimate and Proof of Loss, but they chose to not comply with the provisions and requirements of the SFIP and FEMA's rules, regulations, guidance, and Adjuster Claims Manual.

14.     Trout Street felt forced to sign and submit the Proof of Loss statement to the Company based upon the insurance adjuster's inspection and report of the subject property in order to receive initial damage assessment payments.

15.     Ultimately, Trout Street realized that numerous flood damaged items had been omitted and/or significantly underpaid by the Company.

16.     Because the adjuster's Proof of Loss and the Company's payment based upon it were deficient and failed to adequately compensate Trout Street for all covered losses, Trout Street retained independent experts to evaluate the extent of the flood loss caused by and from flood.

17.     The experts found conclusive evidence that the Flood critically damaged Trout Street's covered property in an amount and scope far greater than found by the Company's adjuster.

18.     As such, Trout Street disagreed with and refused to accept the original amount allowed by the Defendant upon the claim.

19.     Trout Street objected to the estimate and payment by Defendant on the following grounds: the Defendant's estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster chose to use incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to Trout Street's property and community; and, the adjuster chose to use inappropriate and/or inadequate methods of repair.

20.     The covered damages were thoroughly documented by the experts retained by Trout Street, and a valid and timely Proof of Loss with supporting documentation, including specifications of the damaged building and detailed repair estimate, was submitted to the Company for review, as required by Article VII.J.4.

21. The Company chose to not make any effort to agree on the scope of damages; chose to not make a determination regarding missing items; chose to ignore the pricing submitted in Trout Street's estimate, which was prepared by a qualified professional using industry standard software; and chose to not review its own estimate for improper methods of repair used by its adjuster. The Company refuses to consider any additional payments or take any action on Trout Street's Proof of Loss and estimate until Trout Street produces receipts of "incurred" or "accrued" costs. There is no provision in the SFIP which requires the insured to make repairs.

22. By failing to make any effort to reach agreement on the scope of damages and pricing with Trout Street, Defendant has deprived Trout Street of the right to appraisal under the SFIP, Art. VII.P. The Company's choice not to consider Trout Street's estimate and identifying the items it disputes or denies also denies Trout Street of the right to appeal to FEMA. At this time, Trout Street has no other alternative but to file suit to collect the amount due under the SFIP.

23. Trout Street complied with all conditions precedent within the SFIP prior to filing this lawsuit, including, but not limited to, timely notifying the insurance company of the losses and submitting a timely Proof of Loss.

24. Despite receipt of the documentation evidencing the Company's substantial underpayment, Defendant has delayed and denied this claim, which is due and owed under the SFIP.

### The WYO Company's Duties

25. The Company entered into the Financial Assistance/Subsidy Arrangement (the "Arrangement") with FEMA, which authorizes the Company to issue SFIPs, and the "Company shall investigate, adjust, settle and defend all claims or losses arising from policies issued under this Arrangement." Art. II.F.

26. The Arrangement states that the "Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company." Art. G.1.

27. Further, the "Company is solely responsible for its obligations to its insured under any policy issued pursuant hereto, such that the Federal Government is not a proper party to any lawsuit arising out of such policies." Art. XVI.

28. Federal regulations set out the procedures to be used by WYO companies, such as Defendant. 44 C.F.R. Section 62.23(i) states in pertinent part:

> (1) WYO companies will adjust claims in accordance with general company standards, guided by NFIP Claims manuals. The Arrangement provides that claim adjustments shall be binding upon the FIA.
>
> (2) The WYO Company may use its staff adjusters, independent adjusters, or both. It is important that the Company's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters.
>
> \*\*\*
>
> (4) The normal catastrophe claims procedure currently operated by a WYO Company should be implemented in the event of a claim catastrophe situation. Flood claims will be handled along with other catastrophe claims.
>
> \*\*\*
>
> (10) The customary content of claim files will include coverage verification, normal adjuster investigations, including statements where necessary, police reports, building reports and investigations, damage verification and other documentation relevant to the adjustment of claims under the NFIP's and the WYO Company's traditional claim adjustment practices and procedures. The WYO Company's claim examiners and managers will supervise the adjustment of flood insurance claims by staff and independent claims adjusters.

29. The SFIP at 44 C.F.R. Pt. 61, A(2), Article VII.M states that the carrier "will adjust all losses with you. … Loss will be payable within 60 days after we receive your proof of loss … and: a. We reach an agreement with you; b. There is an entry of valid judgment; or c. There is a filing of an appraisal award with us, as provided in VII.P."

30. Courts have held that interpretation of the SFIP should be "uniform throughout the country and that coverage should not vary from state to state." *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 (3d Cir. 2004).

31. Despite FEMA's extensive rules, detailed regulations, and guidance, this Company has either failed to establish general company standards or has failed to fully comply with FEMA's rules and regulations resulting in an adjustment that omitted covered items and undervaluing other covered items.

32. Defendant's adjustment was based upon the arbitrary and capricious application of some of FEMA's rules, regulations and guidance, which created a disparate impact on Trout Street under the NFIP.

33. As will be shown at trial of this matter, the Company chose not to comply with the written standards, procedures, and guidance issued by FEMA, which in turn directly and unfairly impacted the adjustment of Trout Street's flood claim resulting in gross underpayment under the SFIP.

**Breach of Contract**

34. Trout Street re-alleges and incorporates each and every allegation set forth above as if set forth fully herein.

35. This is an action for damages as a result of the Company's breach of the SFIP, an insurance contract.

36. Trout Street and the Company entered into an insurance contract when Trout Street purchased from the Company the above referenced SFIP, no. 42 1150012571 for the subject property.

37. The SFIP, at all times relevant, provided flood insurance coverage to Trout Street for, among other things, physical damages to the subject property caused by or from flood.

38.     Beginning on or about August 25, 2017, Trout Street's building flooded for an extended period of time. The Flood physically changed and damaged the subject property.

39.     Trout Street fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements, including but not limited to Articles VII.J, and VII.R, and cooperating with the Defendant and its adjuster.

40.     Trout Street complied with all conditions precedent to recovery, including but not limited to timely notification of the flood loss and submitting a complete Proof of Loss with supporting documentation.

41.     The Company materially breached the SFIP when it wrongly failed to pay Trout Street for all covered damages caused directly by and from Flood. Further, the Company breached the SFIP when it failed to pay for covered but omitted flood damaged items and when it underpaid numerous flood damaged items in the subject property. Moreover, the Company breached the contract of insurance when it failed to perform other obligations it owed Trout Street under the SFIP.

42.     By virtue of its various breaches of contract, including the choice not to pay Trout Street for Trout Street's covered loss, the Company is liable to and owes Trout Street for the actual damages Trout Street sustained as a foreseeable and direct result of the breaches of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged property in accordance with the SFIP, together with all costs, expenses, and relief as allowed by law.

## Prayer for Relief

**WHEREFORE**, Trout Street, prays that after due proceedings are heard, that this Court entered Judgment in favor of Trout Street and against the Defendant for all amounts that Trout Street proves at trial of this matter for damages due to the Defendant's breach of the insurance

contract, and for cost, expenses, and other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY:  */s/ Phillip N. Sanov*
PHILLIP N. SANOV,  Tx. Bar No. 17635950
RAJAN PANDIT,   La. Bar No. 32215
       Fed. ID 1070660
JOHN D. CARTER,  La. Bar No. 24334
       Fed. ID 1058771
One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056
Telephone:  (800) 615-3046
Facsimile:  (504) 313-3820
Email:   psanov@panditlaw.com
COUNSEL FOR TROUT STREETS
